UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TINA PACHECO                                        JURY TRIAL DEMANDED

v.                                                  CASE NO.  3:10cv

JOSEPH McMAHON CORPORATION
   d/b/a/ UNITED OBLIGATIONS

## COMPLAINT

1. This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., the Connecticut Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110a.

2. This Court has jurisdiction.  15 U.S.C. §1692k and 28 U.S.C. §1331 and §1367.

3. Plaintiff is a natural person and a consumer within the FDCPA, who resides in Connecticut.

4. In and after April, 2009, Defendant attempted to collect separate accounts on behalf of B. Schultz and P. Dengelegi, identified as dental service providers, by prosecuting suit in small claims court ("small claims accounts").

5. In connection with the collection, defendant communicated with numerous persons other than the plaintiff, in violation of FDCPA §1692c(b).

6. On November 24, 2009, expressly stating "This is an attempt to collect a debt and any information obtained will be used for that purpose," defendant communicated with persons who were not representing the plaintiff or the defendant in connection with the small claims accounts.

7. On October 8, 2009, expressly stating "This is an attempt to collect a debt and any information obtained will be used for that purpose," defendant communicated with complete strangers in connection with the small claims accounts.

8. On October 30, 2009, expressly stating, "This is an attempt to collect a debt and any information obtained will be used for that purpose," defendant communicated with a person not representing the plaintiff or the defendant in connection with the small claims accounts.

9. On December 7, 2009, expressly stating "This is an attempt to collect a debt and any information obtained will be used for that purpose," defendant communicated with a person not representing the plaintiff or the defendant in connection with the small claims accounts.

10. On December 8, 2009, expressly stating "This is an attempt to collect a debt and any information obtained will be used for that purpose," defendant communicated with complete strangers in connection with the small claims accounts.

11. On December 2, 3, and 7, 2009, expressly stating "This is an attempt to collect a debt and any information obtained will be used for that purpose," defendant communicated with a person not representing the plaintiff or the defendant in connection with the small claims accounts.

12. On December 8, 2009, defendant offered to cancel its clients small claims accounts if plaintiff would withdraw her FDCPA claims pending in federal court.

13. Defendant had no authority to cancel its clients' accounts in order to save itself and others from FDCPA liability.

14. In connection with the collection, defendant communicated with plaintiff as to a matter in which she was known to be represented by counsel.

15. On June 29, 2009, defendant sent plaintiff a copy of a communication sent to her counsel.

16. On June 29, 2009, defendant was reminded that communication to a person represented by counsel was an FDCPA violation.

17. On August 24, 2009, defendant sent plaintiff a copy of a communication sent to her counsel.

18. On October 8, defendant sent plaintiff and others a copy of a communication sent to her counsel.

19. On October 30, 2009, defendant sent plaintiff a copy of a communication sent to her counsel.

20. On December 8, 2009, defendant sent plaintiff a copy of a communication sent to her counsel.

21. On December 15, 2009, defendant sent plaintiff a notice of judgment lien on the small claims accounts it had been collecting. Only a judgment creditor may file a valid lien and only the judgment creditor may give notice to the lienee.

22. On December 15, 2009, defendant demanded payment of more than each judgment that had entered on the small claims accounts on December 10, 2009.

23. On February 9, 2010, without authority from the dental service providers, defendant offered to cancel the small claims judgments if plaintiff would drop her federal FDCPA claims.

24. Defendant's collection efforts violated 15 U.S.C. §1692c, -d, -e, or –f.

SECOND COUNT

25. The allegations of the First Count are repeated and realleged.

26.    Within three years prior to the date of this action, Defendant committed unfair or deceptive acts or practices in collection efforts within the meaning of the CUTPA, causing ascertainable loss to plaintiff.

WHEREFORE plaintiff respectfully requests this Court to:

   1.  Award plaintiff such damages as are permitted by law, including compensatory and punitive.

   2.  Award the plaintiff costs of suit and a reasonable attorney's fee;

   3.  Award declaratory and injunctive relief and such other and further relief as law or equity may provide.

                        THE PLAINTIFF


                        BY_____/s/ Joanne S. Faulkner___
                      JOANNE S. FAULKNER ct04137
                            123 Avon Street
                            New Haven, CT 06511-2422
                            (203) 772-0395
                            faulknerlawoffice@snet.net