UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TINA PACHECO, | : | CV. NO.: 3:10-cv-464 (AWT) |
|     Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| JOSEPH MCMAHON CORPORATION, | : | |
| d/b/a UNITED OBLIGATIONS | : | |
|     Defendants. | : | March 7, 2011 |

### OBJECTION TO MOTION FOR SANCTIONS

The Defendant Joseph McMahon Corporation hereby objects to Plaintiff's Motion for Sanctions dated February 12, 2011.

This case was brought by the Plaintiff under the federal Fair Debt Collection Practices Act. The Plaintiff alleges that the Defendant, a debt collection company, made improper communications to third parties when attempting to collect a debt owed by the Plaintiff. The Defendant has denied these allegations and argued that the communications at issue were made by one Paul Miller, the husband of Marilyn Miller who is the President of the Defendant. The Defendant has denied that Paul Miller acted as an agent of the Defendant.

The basis for the Plaintiff's Motion for Sanctions is the Defendant's violation of a Court Order requiring the production of certain documents. The Plaintiff vaguely argues that certain unnamed "denials" in the Defendant's answer necessitated four depositions. The Plaintiff also argues that the Defendant's failure to produce certain discovery resulted in her inability to move for summary judgment.

As a penalty for these actions and inactions, the Plaintiff argues that the Court should default the Defendant and enter judgment in her favor.

The Defendant then goes on to suggest that undersigned counsel, Defendant and the Defendant's President be held jointly and severally liable for the costs resulting from the Defendant's failure to produce discovery and in filing the Motion for Sanctions.

The Second Circuit Court of Appeals has counsel that, "although the decision to impose sanctions is uniquely within the province of a district court, we nevertheless need to ensure that any such decision is made with restraint and discretion." *Schlaifer Nance & Co. v. Est. of Warhol*, 194 F. 3d, 323 (2nd Cir. 1999).

The Plaintiff has conclusively stated that four depositions needed to be taken solely because of "denials" in the Defendant's Answer.  The Plaintiff has also conclusively stated the failure to comply with discovery orders has resulted in the Plaintiff's inability to move for summary judgment.  On these vague and conclusory statements alone, the Plaintiff then seeks sanctions above and beyond the entry of judgment.

Restraint and discretion should counsel the Court in issuing an appropriate and justified penalty for the failure to produce discovery.  The Court should reject the severe and draconian measures suggested by the Plaintiff.

                    DEFENDANT
                    JOSEPH MCMAHON CORPORATION

BY_____/s/_____
                    Matthew J. Corcoran
                    33 Wolcott Road
                    Wolcott, CT 06716
                    Phone:  (203) 879-2812
                    Fax:    (203) 879-2842
                    Juris No. ct24861
                    attycorcoran@yahoo.com

CERTIFICATION

      I hereby certify that on March 7, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

_____/s/_____

Matthew J. Corcoran, Esq.