```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF CONNECTICUT

-----------------------------------x
TINA PACHECO,                      :
                                   :
          Plaintiff,               :
                                   :
v.                                 :   CIV. NO. 3:10CV464(AWT)
                                   :
JOSEPH McMAHON CORPORATION d/b/a   :
UNITED OBLIGATIONS,                :
                                   :
          Defendant.               :
-----------------------------------x
```

### RULING ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Tina Pacheco ("Pacheco"), has moved for summary judgment on her claim pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. against defendant Joseph McMahon Corporation, doing business as United Obligations, requesting $1,000 in statutory damages pursuant to 15 U.S.C. § 1692k, plus attorneys' fees and costs. For the reasons set forth below, the plaintiff's motion for summary judgment is being granted.

**I. FACTUAL BACKGROUND**

Joseph McMahon Corporation, which has as its registered trade name "United Obligations," is in the business of collecting consumer debts and is a licensed consumer collection agency. Paul Miller is in the business of acquiring third party debt from original creditors by means of an assignment. He uses Paul Miller Trustee as a trade name.

1

In January 2009, Paul Miller acquired and was assigned two separate debts owed by Pacheco to Dr. Ben Schultz ("Schultz") and Dr. Paul Dengelegi ("Dengelegi") respectively. He then sent the debts to Joseph McMahon Corporation for collection.

From January 2009 until March 2010, the defendant attempted to collect the plaintiff's personal dental bills in the name of Schultz and Dengelegi. In and after April 2009, the defendant attempted to collect these debts by prosecuting a lawsuit in small claims court.

On December 10, 2009, small claims judgments entered against the plaintiff for $648.50 (as to Schultz) and $1,434.20 (as to Dengelegi). No interest was awarded.

Thereafter, the defendant sent collection letters to the plaintiff dated December 15, 2009, claiming a balance of $649.39 for the Schultz account, and $1,436.16 for the Dengelegi account. The defendant had added post-judgment interest in the amount of $0.89 to the Schultz debt and $1.96 to the Dengelegi debt, even though no post-judgment interest had been awarded.

**II.  LEGAL STANDARD**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party

may satisfy this burden by demonstrating the absence of evidence supporting the nonmoving party's case.  See PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). The court construes the facts in the light most favorable to the nonmoving party.  See Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir. 2002), cert. denied, 127 S. Ct. 382 (2006).  When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert the existence of an unspecified disputed material fact or offer speculation or conjecture.  See Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990).

### III.  DISCUSSION

"At its heart, the FDCPA is a consumer protection statute, and violators are subject to strict liability.  Thus, a single violation of section 1692e is sufficient to establish civil liability under the FDCPA.  See 15 U.S.C. § 1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter")." Fields v. Western Mass. Credit Corp., 479 F. Supp. 2d 287, 290 (D. Conn. 2007)(citation omitted).  See also Richmond v. Higgins, 435 F.3d 825, 828 (8th Cir. 2006)("The purpose of the FDCPA is to 'eliminate abusive debt collection practices by debt collectors,' § 1692(a), and debt collectors are liable for failure to comply with 'any

provision' of the Act.  § 1692k(a).")  There is no genuine issue as to the fact that the plaintiff was a consumer and the defendant was acting as a debt collector.  To establish that the defendant is liable under the FDCPA, the plaintiff must show that the defendant violated a provision of the FDCPA during the collection of debt.

"The FDCPA prohibits 'debt collector[s]' from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'  15 U.S.C. § 1692e. This broad prohibition is typically referred to as the FDCPA's 'general ban.'. . .  In addition to this general ban, section 1692e is divided into sixteen subsections that provide a non-exhaustive list of prohibited practices." Druther v. Hamilton, No. C09-5503 FDB, 2009 WL 4667376, * 2 (W.D. Wash. Dec. 3, 2009)(citation omitted).  These prohibited practices include "[t]he false representation of . . . the . . . amount . . . of any debt."  15 U.S.C. § 1692e(2)(A).  Moreover, the FDCPA prohibits a debt collector from attempting to collect any amount, including interest, not allowed by law.  See 15 U.S.C. § 1692f(1) (prohibiting "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.").

The plaintiff contends that the defendant violated

4

§§ 1692e(2)(A) and 1692f(1) when it sent the December 15, 2009 debt collection letters to the plaintiff.  The court agrees.

On December 10, 2009, small claims judgments entered against the plaintiff for $648.50 (as to Schultz) and $1,434.20 (as to Dengelegi).  No interest was awarded.  Thereafter, the defendant sent collection letters to the plaintiff dated December 15, 2009, claiming a balance of $649.39 for the Schultz account, and $1,436.16 for the Dengelegi account.  The defendant added post-judgment interest in the amount of $0.89 to the Schultz debt and $1.96 to the Dengelegi debt, even though no post-judgment interest had been awarded.

Accordingly, the defendant committed at least two violations of the FDCPA when it sent its December 15, 2009 collection letters to the plaintiff, and the plaintiff is entitled to summary judgment on her claim pursuant to the FDCPA.[1]

### IV.  CONCLUSION

For the reasons set forth above, the plaintiff's Motion for Summary Judgment (Doc. No. 76) is hereby GRANTED.  The Clerk shall enter judgment in favor of the plaintiff on her FDCPA claim against the defendant in the amount of $1,000, plus attorneys' fees and costs.

---

[1] The plaintiff also asserted a claim pursuant to the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a et seq., but the motion for summary judgment addresses the FDCPA claim only.

It is so ordered.

Signed this 7th day of March, 2012 at Hartford, Connecticut.

                                            /s/
                                    Alvin W. Thompson
                              United States District Judge